IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
:
:
vs.  : CRIMINAL NO. 1:CR-15-0263
:
REGINALD L. LOMAX, JR.,  : (Judge Caldwell)
Defendant  :
:
:

*M E M O R A N D U M*

Defendant pled guilty to a violation of 18 U.S.C. § 922(g), being a felon in possession of a firearm.  A presentence report (PSR) was prepared which concludes that Defendant has three prior Pennsylvania convictions (PSR ¶¶ 33, 35 and 36) that are serious drug offenses qualifying Defendant as an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA).  We are addressing four objections Defendant made to the presentence report (PSR), three of which he briefed in a sentencing memorandum, filed December 20, 2016.  Two of them deal with Defendant's status as an armed career criminal.

A.  *The objection dealing with defendant's 2008 cocaine offense*

Defendant's first objection is that his 2008 cocaine offense (PSR ¶ 36) is not a serious drug offense because it was treated in state court as a third-degree felony punishable by only a maximum sentence of seven years, not the maximum sentence of ten years required for a serious drug offense under the ACCA.

In pertinent part, the ACCA defines a serious drug offense as follows:

(A) the term "serious drug offense" means –

. . . .

  (ii) an offense under state law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law; . . .

18 U.S.C. § 924(e)(2)(A)(ii).

In support of his claim that the offense does not qualify as a serious drug offense, Defendant relies on the written guilty-plea colloquy and the oral guilty-plea colloquy from the records in state court. In the written colloquy, Defendant is told that the charge is "delivery of cocaine" for which the "maximum term of confinement" is "7 years" and a "maximum fine" of "$15,000." (Doc. 64-1, ECF p. 6). In the oral colloquy, the court informs Defendant that he could face up to seven years in jail and a fine of up to $15,000. (Doc. 64-2, ECF p. 2). Defendant observes that a third-degree felony is punishable with a maximum sentence of seven years, 18 Pa. Cons. Stat. Ann. § 106(b)(4), and that a maximum fine of $15,000 is consistent with a third-degree felony. See 18 Pa. Cons. Stat. Ann. § 1101(3). Defendant therefore concludes that his 2008 cocaine offense does not qualify as a serious drug offense because it was treated as a third-degree felony under state law.

We reject this argument, essentially for the reasons the government advances. The government argues that the reference to a seven-year maximum

sentence is simply a mistake that does not control the issue here. It maintains the offense qualifies as a serious drug offense because it meets the definition of "serious drug offense" in the ACCA. We agree.

Defendant was charged in the affidavit of probable cause and in the criminal information with a violation of 35 Pa. Stat. Ann. § 780-113(a)(30), (Doc. 67-1, ECF p. 3, 6), with both documents charging that Defendant made a delivery of cocaine. In pertinent part, section 780-113(a)(30) makes the following illegal:

> the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 Pa. Stat. Ann. § 780-113(a)(30). Defendant then admitted at his oral guilty-plea colloquy that he did deliver cocaine. (Doc. 64-2, ECF pp. 3-4). We observe that a violation of section 780-113(a)(30) involving cocaine is punishable by a maximum sentence of ten years. 35 Pa. Stat. Ann. § 780-113(f)(1.1). *See also United States v. Abbott*, 748 F.3d 154, 159-60 (3d Cir. 2014). Defendant's 2008 cocaine offense is therefore a serious drug offense under the ACCA.[1]

---

[1] Section 780-113(a)(30) is divisible, meaning that the court can look at "*Shepard* documents," which include charging documents and guilty-plea colloquies, to determine the offense. *See Abbott*, 748 F.3d at 159 (court can look to the charging document); *United States v. Chamberlain*, 287 F. App'x 163, 165 (3d Cir. 2008)(nonprecedential)(court can look to the charging document and to the transcript of the guilty-plea colloquy that contains admissions by the defendant).

In support of his argument attaching significance to the seven-year maximum reference, Defendant cites *United States v. Chamberlain*, 287 F. App'x 163, 165 (3d Cir. 2008)(nonprecedential), and *United States v. Limehouse*, 386 F. App'x 109 (3d Cir. 2010)(nonprecedential).  Neither case assists him as neither case deals with the situation where a defendant has been mistakenly informed of his maximum sentence.  That mistake is immaterial to deciding whether his offense qualifies as a serious drug offense, at least where it is clear that Defendant was charged with delivering cocaine under section 780-113(a)(30) and admitted that he did make the delivery.

B. *The objection dealing with the 2006 marijuana offense*

Defendant's second objection is that his 2006 conviction for possession with intent to deliver marijuana (PSR ¶ 35) does not count as a serious drug offense in light of *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), because the recidivist statute applicable to the offense, 35 Pa. Stat. Ann. § 780-115, is broader than the serious drug offense defined in the ACCA.  Additionally, since section 780-115 is not divisible, the court cannot consult *Shepard* documents to determine if the offense satisfies the elements of the offense as defined in the ACCA.

The argument goes like this.  Section 780-113(a)(30) makes it illegal for a person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance or create, deliver or possess with intent to deliver, a counterfeit controlled substance.  35 Pa. Stat. Ann. § 780-113(a)(30).  A person who violates section 780-113(a)(30) with respect to marijuana is subject to a maximum sentence of five years:

-4-

> (f) Any person who violates clause (12), (14) or (30) of subsection (a) with respect to:
>
> . . . .
>
> (2) Any other controlled substance or counterfeit substance classified in Schedule I, II, or III, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding five years, or to pay a fine not exceeding fifteen thousand dollars ($15,000), or both.

35 Pa. Stat. Ann. § 780-113(f)(2). *See also Abbott*, 748 F.3d at 158.[2] This would disqualify the conviction as a predicate offense under the ACCA since the maximum sentence is not ten years.

However, for a second offense under section 780-113(a)(30), the recidivist statute, section 780-115, increases the maximum sentence to ten years. Section 780-115 reads as follows:

> (a) Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
>
> (b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to the commission of the second offense, the offender has at any time been convicted under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state relating to controlled substances.

35 Pa. Stat. Ann. § 780-115.

---

[2] 35 Pa. Stat. Ann. § 780-104 sets forth the schedules.

Since Defendant has a 2002 conviction for possession with intent to deliver cocaine (PSR ¶ 33), it would seem that the 2006 marijuana conviction qualifies as a serious drug offense under the ACCA because the offense is punishable by up to ten years in prison.

For Defendant, however, this would violate *Mathis* because under *Mathis* the court can only look to the elements of the predicate offense, not the conduct underlying the offense, and if the elements of the predicate offense are broader than the elements of the drug offense as defined in the ACCA, the predicate offense does not qualify under the ACCA. *Mathis*, 136 S.Ct. at 2251.

Identifying the predicate offense here as occurring under section 780-115, Defendant contends that the offense is broader than the ACCA's serious drug offense because section 780-115 authorizes a ten-year sentence not just for a violation involving a controlled substance but also for one involving a counterfeit controlled substance.[3] However, a serious drug offense under the ACCA is defined so that it involves only a controlled substance, not a counterfeit controlled substance. So a prior offense involving a counterfeit controlled substance could qualify a defendant for a ten-year sentence on a subsequent offense (here the 2006 marijuana conviction), thus satisfying the sentencing element of a serious drug offense, when a serious drug offense is supposed to involve only a controlled substance. Further, since in Defendant's view, section 780-115 is not divisible, we cannot look at *Shepard* documents to determine if the prior conviction was

---

[3] As can be expected, these terms have different definitions under state law. See 35 Pa. Stat. Ann. § 780-102. They are also defined differently under federal law. 21 U.S.C. § 802(6) and (7).

one involving a controlled substance rather than a counterfeit controlled substance. Here, we note that the prior conviction did involve a controlled substance, cocaine, not a counterfeit controlled substance.

Defendant's argument lacks merit because it mistakenly identifies the predicate offense as occurring under section 780-115. That section does not constitute a separate substantive offense. It is simply a recidivist statute that enhances a sentence for a substantive offense occurring under section 780-113(a)(30). *See Commonwealth v. Aponte*, 855 A.2d 800, 808-09 (Pa. 2004). As such, Defendant's 2006 marijuana conviction qualifies as a predicate offense under the ACCA because, as pertinent here, it involves a controlled substance for which a maximum ten-year sentence has been authorized.

As the government points out, this conclusion is supported by *United States v. Rodriquez*, 553 U.S. 377, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2008). In *Rodriquez*, the Supreme Court dealt with a Washington State drug-trafficking provision and a recidivist provision remarkably similar to the Pennsylvania provisions at issue here. The Court rejected the defendant's argument that the recidivist provision, which doubled the maximum sentence from five years to ten years, did not apply in determining whether the substantive drug offense qualified as a serious drug offense under the ACCA. *Id.* at 382-83, 128 S.Ct. at 1787-88.

Notably, in doing so, the Court rejected the defendant's argument that relied on *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

*Taylor* discusses the categorical approach to determining what constitutes a "violent felony" under 18 U.S.C. §§ 924(e)(2)(B) that would qualify as a predicate offense under the ACCA. In *Rodriquez*, the Court saw no connection between the issues presented there and in *Taylor*. *Rodriquez*, 550 U.S. at 387, 128 S.Ct. at 1790. *Mathis* uses the same categorical approach as *Taylor*.

> C. *The objection to the PSR conclusion that Defendant used or possessed the firearm in connection with a controlled substance offense*

If we reject his arguments that he is not an armed career criminal, Defendant's third objection is that we should reduce his base offense level from 34 to 33 because the PSR improperly states that he used or possessed the firearm in connection with a controlled substance offense. (PSR ¶ 19). Under U.S.S.G. § 4B1.4(b)(3)(A), a defendant who is an armed career criminal has an offense level of 34 if he used or possessed the firearm in connection with a controlled substance offense. Otherwise, the level is 33. U.S.S.G. § 4B1.4(b)(3)(B). A controlled substance offense does not include mere possession. *See* U.S.S.G. § 4B1.2(b).[4]

---

[4] Section 4B1.2(b) reads as follows:

   The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

The probation officer used level 34 because when Defendant was arrested, he was found with 13.54 grams of crack cocaine in his jacket pocket. (PSR ¶ 7). The probation officer says this is evidence of a controlled substance offense and not mere possession because: (1) Defendant was charged in state court with possession with intent to deliver cocaine based on this conduct, not mere possession; and (2) "the amount of crack cocaine seems inconsistent with personal use, plus it is noted the defendant was not employed at the time and was in possession of roughly $1,300 worth of cocaine." (Doc. 59, ECF p. 3, Addendum to the PSR).

Plaintiff objects that the PSR contains no facts to support anything more than mere possession as Defendant had a long history of drug use and had been using crack cocaine until his arrest. (PSR ¶¶ 53 and 54). In opposition, the government argues that level 34 is proper because "13.54 grams of crack cocaine is a distribution amount." (Doc. 65, ECF p. 8). The government further argues that a single dose of crack cocaine is .2 grams, making Defendant in possession of more than 77 doses[5] representing a total street value of $1,500, or a value of $600 for the entire half-ounce quantity. (Doc. 67, ECF p. 5).[6]

"Intent to distribute . . . can be inferred solely from possession of a large quantity of drugs." *United States v. Watts*, 306 F. App'x 805, 807 (3d Cir. 2009)

---

[5] The court's calculation is about 68 doses.

[6] An amount of 13.54 grams of crack cocaine would be about .48 of an ounce, based on 28.35 grams per ounce, using the guidelines' conversion table in U.S.S.G. § 2D1.1, application note 8.

(nonprecedential)(quoted case and internal quotation marks omitted).  "However, when the amount of cocaine in a defendant's possession is consistent with personal use, then it is not permissible for a jury to infer an intent to distribute."  *Id.*  A small quantity of a cocaine and sugar mixture totaling about 14.68 grams is itself consistent with personal use.  *Id.* (cited case omitted).  "An inference of intent to distribute is not warranted from the possession of one ounce of cocaine."  *Id.* (internal brackets, internal quotation marks, and cited case omitted).

*Watts* discusses quantities in the context of evidence to sustain a conviction. For sentencing, the government has the burden by a preponderance of the evidence to show that Defendant qualifies for an offense level of 34.  *See United States v. Boltutskiy*, 634 F. App'x 887, 891 (3d Cir. 2015)(nonprecedential).  We conclude the government has not met its burden and will sustain Defendant's objection to this one-point increase in his offense level.[7]

                        /s/William W. Caldwell
                        William W. Caldwell
                        United States District Judge

Date: March 6, 2017

---

[7] Defendant's fourth objection is to the facts as written in the PSR ¶¶ 6-8 and 10.  We will overrule this objection as the PSR simply follows the facts we found as part of our denial of Defendant's suppression motion.  *See United States v. Lomax*, 2016 WL 2347102, at *1-2 (M.D. Pa. May 4, 2016).