# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD LOMAX, JR., | : |
|     Petitioner | :   CRIMINAL ACTION NO. 1:15-263 |
| v. | :     (JUDGE MANNION) |
| UNITED STATES OF AMERICA, | : |
|     Respondent | : |

## MEMORANDUM

Pending before the court is the *pro se* Motion to Vacate, Set Aside or Correct, filed by petitioner Reginald Lomax, Jr., pursuant to [28 U.S.C. §2255](), with regard to his 180-month sentence of imprisonment imposed on June 27, 2017. (Doc. 84). In his motion, Lomax claims that one of his prior Pennsylvania drug convictions did not qualify as a predicate offense under the Armed Career Criminal Act ("ACCA"), and that his sentence, after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1), should not have been enhanced under the ACCA. In considering Lomax's motion, the government's response, and the record, the motion will be **DENIED** without an evidentiary hearing. Lomax's motion for appointment of counsel, (Doc. 86), will also be **DENIED**. The court will not issue a certificate of appealability.

**I.     BACKGROUND**[1]

On June 16, 2016, Lomax pled guilty to a violation of 18 U.S.C. §922(g), being a felon in possession of a firearm. (Doc. 54). A pre-sentence report ("PSR") was prepared which found that Lomax's three prior Pennsylvania convictions, (Doc. 58, PSR ¶¶ 33, 35 and 36), were serious drug offenses qualifying him as an armed career criminal under 18 U.S.C. §924(e), the ACCA.[2]

Lomax objected to the PSR and its finding that he was an armed career criminal.

On March 6, 2017, the court[3] found that Lomax's 2008 Pennsylvania conviction for possession with intent to deliver cocaine, (PSR ¶36), in violation of 35 Pa. Stat. Ann. §780-113(a)(30), was a serious drug offense under the ACCA. (Doc. 68 at 3).

The court also found that Lomax's 2006 Pennsylvania conviction for

---

[1]Since the court detailed the pertinent background of this case in its May 4, 2016 Memorandum, (Doc. 44), denying Lomax's suppression motion, and in its March 6, 2017 Memorandum, (Doc. 68), ruling on Lomax's objections to the PSR, it will not fully repeat it herein. *See* United States v. Lomax, 2017 WL 878404 *3 (M.D.Pa. Mar. 6, 2017). *See also* United States v. Lomax, 744 Fed.Appx. 754 (3d Cir. 2018).

[2]Since the PSR detailed the facts regarding Lomax's three prior Pennsylvania drug convictions, (Doc. 58, PSR ¶¶ 33, 35 and 36), they are not repeated herein. *See also* Doc. 67, Ex. 1.

[3]Judge Caldwell was previously assigned this case and imposed Lomax's sentence.

possession with intent to deliver marijuana, (PSR ¶35), in violation of 35 Pa. Stat. Ann. §780-113(a)(30), qualified as a predicate offense under the ACCA because it "involve[d] a controlled substance for which a maximum ten-year sentence has been authorized." (Doc. 68 at 7). As this court previously found, no doubt that if Lomax's marijuana charge was a first offense, a marijuana conviction would have carried a maximum penalty of five years imprisonment. However, since Lomax's marijuana charge was subsequent to a prior drug trafficking conviction, i.e., his 2003 Pennsylvania conviction for possession with intent to deliver cocaine, (PSR ¶33), the maximum penalty under Pennsylvania law Lomax faced regarding his 2006 marijuana conviction was ten years. *See* 35 P.S. §780-115. *See also* Lomax, 744 Fed.Appx. at 757 (Third Circuit held that although possession with intent to deliver marijuana in violation of §780-113(a)(30) carries a statutory maximum of five years' imprisonment, 35 Pa. Stat. Ann. §780-113(f)(2), "Lomax was subject to a maximum sentence of ten years because he was a recidivist.") (citing §780-115). (*See also* Doc. 65 at 2-7). Thus, this court found that Lomax's 2006 Pennsylvania conviction for possession with intent to deliver marijuana qualified as a serious drug offense under the ACCA, 18 U.S.C. §924(e).

On June 28, 2017, Lomax was designated as an armed career criminal and sentenced by the court to 180 months' imprisonment. (Doc. 77).

On July 11, 2017, Lomax appealed his judgment of sentence claiming, in part, that the district court erred when it designated him an armed career

3

criminal, and that his sentence should not have been enhanced under the ACCA. (Doc. 80). In particular, Lomax claimed that the district court erred in finding that this 2008 conviction for possession with intent to deliver cocaine and his 2006 conviction for possession with intent to deliver marijuana were serious drug offenses based on the categorical approach that must be applied according to Mathis v. United States, 136 S.Ct. 2243, 2248 (2016).*See* Lomax, 744 Fed.Appx. at 757

After hearing oral argument, Lomax's appeal was denied on August 10, 2018 by the Third Circuit and, the district court's judgment of conviction and sentence was affirmed. (Docs. 89 & 89-1). *See* United States v. Lomax, 744 Fed.Appx. 754 (3d Cir. 2018). In its decision, the Third Circuit found, in pertinent part, that the district court did not err in determining that Lomax's 2008 conviction for possession with intent to deliver cocaine and his 2006 conviction for possession with intent to deliver marijuana were serious drug offenses and qualified as predicates under the ACCA.[4] *See* Lomax, 744 Fed.Appx. at 757-58.

The Third Circuit first considered Lomax's 2006 conviction and

---

[4]As the Third Circuit stated in Lomax, 744 Fed.Appx. at 757, "[t]he career offender enhancement of the Armed Career Criminal Act (ACCA) applies when a defendant has three prior convictions for a violent felony or 'serious drug offense,' which is defined to include state-law offenses 'involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law.'" (citing 18 U.S.C. §924(e)(1), (e)(2)(A)(ii)).

4

explained as follows:

> Lomax counters that his 2006 conviction cannot be a serious drug offense because, under Mathis v. United States, 136 S.Ct. 2243 (2016), "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense." Lomax Br. 28–29 (citing Mathis, 136 S. Ct. at 2251). Specifically, he argues that the recidivist statute (section 780-115) is broader than ACCA's definition of a serious drug offense since it "does not distinguish between controlled substances and counterfeit controlled substances" and instead increases the penalties for distributing either. *Id*. at 28.
>
> Lomax's argument fails because it is based on the fallacy that the ACCA predicate offense is section 780-115. The true predicate offense in this case is section 780-113(a)(30). *See* Lomax, 2017 WL 878404, at *4 (explaining that section 780-115 "simply . . . enhances a sentence for a substantive offense occurring under section 780-113(a)(30)"); *see also* Commonwealth v. Aponte, 855 A.2d 800, 808–09 (Pa. 2004).

Lomax, 744 Fed.Appx. at 757 (footnote omitted).

The Third Circuit also noted that "the focus of the categorical approach is the crime of *conviction*. Lomax was charged and convicted under section 780-113(a)(30), while his sentence was imposed consistent with section 780-115." *Id*. at n. 2 (emphasis original).

Thus, the Third Circuit held that "Lomax's 2006 marijuana conviction under section 780-113(a)(30) is a serious drug offense as defined by ACCA." *Id*. at 758.

Next, the Third Circuit considered Lomax's 2008 conviction for possession with intent to deliver cocaine and whether it qualified as an ACCA predicate. The Court indicated that there was no dispute that Lomax was

5

charged under 35 Pa. Stat. Ann. §780-113(a)(30), which is a felony punishable by up to ten years' imprisonment and a $100,000 fine. As Lomax argued in his objections to the PSR before the district court, and again on appeal that an "'ambigu[ity]' arose when both the written plea colloquy and the sentencing court referred to a seven-year sentence—a penalty associated with third-degree felonies in Pennsylvania—rather than a ten-year sentence." The Third Circuit stated that "[t]he District Court rejected this argument, finding that this discrepancy was 'simply a mistake' because 35 Pa.Stat.Ann. §780-113(a)(30) was the only cited offense, and Lomax admitted to delivering cocaine as charged." Lomax, 744 Fed.Appx. at 758 (citing Lomax, 2017 WL 878404,at *1–2). The Third Circuit then held that "[t]he District Court did not err when it concluded that such a 'mistake . . . does not control' for ACCA purposes," and found that "because Lomax's 2006 and 2008 convictions both qualify as ACCA predicate offenses, the District Court did not err in sentencing Lomax as a career offender." *Id*.

Lomax did not file a petition for writ of certiorari with the U.S. Supreme Court and the time to do so has expired. As such, Lomax has exhausted his direct appeals regarding his June 28, 2017 conviction.

Lomax filed his instant motion to vacate under §2255 on July 29, 2019. (Doc. 84). On August 16, 2019, Lomax filed a motion to appoint counsel. (Doc. 86). The government filed its response to Lomax's §2255 motion on August 19, 2019. (Doc. 87). No reply brief was filed.

6

## II. STANDARD

When a district court judge imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see* United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See* United States v. Bendolph, 409 F.3d 155, 165 n. 15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A §2255 motion "is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." Paulino v. U.S., 2010 WL 2545547, *2 (W.D.Pa. June 21, 2010)(citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1)

an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" U.S. v. Bates, 2008 WL 80048, *2 (M.D.Pa. Jan. 7, 2008) (quoting Mallet v. U.S., 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." U.S. v. Ayers, 938 F.Supp.2d 108, 112 (D.D.C. 2013) (citation omitted).

## III. DISCUSSION

In his §2255 motion, Lomax again challenges whether his sentence should have been enhanced as a career offender and, he again claims that his 2006 Pennsylvania drug conviction did not qualify as a serious drug offense under the ACCA in applying the categorical approach.[5]

It is obviously noteworthy that Lomax has already raised the issue regarding his sentence enhancement as a career offender under the ACCA and whether his 2006 drug conviction qualified as a serious drug offense before the district court and in his direct appeal to the Third Circuit. Both courts found no merit to Lomax's claim. Therefore, the courts have already

---

[5]In his §2255 motion, Lomax does not reassert his challenge to his 2008 drug conviction and question whether it qualifies as an ACCA predicate offense. Even if he did, as the Third Circuit explained, Lomax's 2008 conviction qualified as an ACCA predicate offense. *See* Lomax, 744 Fed.Appx. at 758.

8

conclusively decided this issue and found that Lomax's 2006 Pennsylvania conviction for possession with intent to deliver marijuana qualified as a serious drug offense under the ACCA. This court will not rehash the sound reasoning stated in the district court's March 6, 2017 Memorandum, (Doc. 68), and in the Third Circuit's Opinion. Lomax, 744 Fed.Appx. at 757-58. Therefore, it is clear that Lomax's claim he raises in his §2255 motion has been fully litigated both at the district court level and in the court of appeals.

It is well-settled in the Third Circuit that "[o]nce a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. §2255." United States v. Orejuela, 639 F.3d 1055, 1057 (3d Cir. 1981). *See also* U.S. v. Schwartz, 925 F.Supp.2d 663, 691-92 (E.D.Pa. 2013) (citing Kaufman v. United States, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068 (1969); Gov't of the Virgin Islands v. Nicholas, 759 F.2d 1073, 1074–75 (3d Cir. 1985) (also recognizing a role for "the trial judge's personal knowledge" of the proceedings in resolving Section 2255 motions); United States v. Pelullo, 305 Fed.Appx. 823, 827 (3d Cir. 2008) (holding that ordinarily a "§2255 petition [can]not 'be used to relitigate matters decided adversely on appeal.'" (quoting Nicholas, 759 F.2d at 1075)); Withrow v. Williams, 507 U.S. 680, 721, 113 S.Ct. 1745 (1993) (citing Orejuela and other Courts of Appeal opinions in support of the proposition that "federal courts have uniformly held that, absent

9

countervailing considerations, district courts may refuse to reach the merits of a constitutional claim previously raised and rejected on direct appeal").

"As a general rule, re-litigation of a claim considered on direct appeal is barred unless: (1) there is newly discovered evidence that could not reasonably have been presented at the original trial; (2) there is a change in applicable law; (3) counsel provided ineffective assistance; or (4) other circumstances indicate that the accused did not receive full and fair consideration of his federal constitutional and statutory claims." Huggins v. United States, 69 F.Supp.3d 430, 456-57 (D.De. 2014) (citing United States v. Palumbo, 608 F.2d 529, 533 (3d Cir. 1979); United States v. DeRewal, 10 F.3d 100, 105 n. 4 (3d Cir. 1993); Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298 (1974)).

Lomax's instant claim challenging whether his 2006 drug conviction qualified as an ACCA predicate offense was fully considered by both the district court prior to sentencing and by the Third Circuit on his direct appeal and, no exception applies which permits him to now reassert this claim.

Therefore, the court has the authority to decline to re-hear the claim challenging Lomax's sentence as a career offender in his instant motion. *See* Schwartz, *supra*; Huggins. *See also* Davis v. United States, 2019 WL 3034869, at *4 (M.D.Pa. July 11, 2019). As such, Lomax's §2255 motion will be **DENIED**.

Additionally, since the court is denying Lomax's §2255 motion without

an evidentiary hearing, his motion to appoint counsel will also be **DENIED**.

## V.     CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Lomax has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

## VI. CONCLUSION

Based on the foregoing, the court will **DENY** Lomax's §2255 motion, (Doc. 84), without an evidentiary hearing. The court will also **DENY** Lomax's motion to appoint counsel, (Doc. 86). Further, no COA will issue. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: September 12, 2019**

15-263-01.wpd